**Case No. 22-16993**

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

———◆———

PATRICK CALHOUN; ELAINE CRESPO; MICHAEL HENRY;
CORINICE WILSON; RODNEY JOHNSON; CLAUDIA KINDLER,
*Plaintiffs-Appellants,*

v.

GOOGLE LLC,
*Defendant-Appellee.*

———————————

*On Appeal from the United States District Court for the Northern District of California
(Oakland), Case No. 4:20-cv-05146-YGR · Honorable Yvonne Gonzalez Rogers, District Judge*

## PLAINTIFFS-APPELLANTS' OPPOSITION TO DEFENDANT-APPELLEE'S MOTION TO SEAL GOOGLE'S MOTION FOR LIMITED REMAND

| | | |
|---|---|---|
| LESLEY WEAVER<br>**BLEICHMAR FONTI &<br>AULD LLP**<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>lweaverbfalaw.com | DAVID A. STRAITE<br>**DiCELLO LEVITT LLC**<br>485 Lexington Avenue,<br>10th Floor<br>New York, NY 10017<br>Tel.: (646) 933-1000<br>dstraite@dicellolevitt.com | JASON 'JAY' BARNES<br>**SIMMONS HANLY<br>CONROY LLC**<br>112 Madison Avenue<br>7th Floor<br>New York, NY 10016<br>Tel.: (212) 784-6400<br>jbarnes@simmonsfirm.com |

*Counsel for Plaintiffs-Appellants*

**Additional Counsel on Signature Page**

 COUNSEL PRESS · (213) 680-2300     PRINTED ON RECYCLED PAPER 

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................1

    A.    Google's Motion to Seal Is Inconsistent with this Court's Strong Presumption in Favor of Public Access ..................................................1

    B.    Google's Motion to Seal is Inconsistent with Prior Rulings in *Rodriguez v. Google*, 3:20-CV-4688-RS (N.D. Cal.) ..........................6

CONCLUSION .....................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
   809 F.3d 1092 (9th Cir. 2016) ...................................................................... 4

*Kamakana v. City & Cnty. of Honolulu*,
   447 F.3d 1172 (9th Cir.2006) ........................................................................ 4

*Rodriguez v. Google*,
   3:20-CV-4688-RS (N.D. Cal.) .................................................................. 6, 7

**Rules**

Fed. R. App. P. 12.1 .................................................................................... 1, 2

Fed. R. App. P. 27(d) ......................................................................................9

Fed. R. App. P. 32(a) ......................................................................................9

Ninth Circuit Rule 27-13(a) ............................................................................2

# INTRODUCTION

Plaintiffs-Appellants ("Plaintiffs") respectfully oppose the motion to seal (the "Sealing Motion") filed by Defendant-Appellee Google LLC ("Google") related to Google's Motion for a Limited Remand Under Federal Rule of Appellate Procedure 12.1. Google seeks to seal information that it claims—based merely on its own say-so and speculation—might affect Google's competitive standing and expose it to increased security risks if publicly revealed. But the information can be generally categorized as merely three numbers (two of which relate to Google's preservation obligations in this case) and a couple data source names. This Court should deny Google's Sealing Motion because (1) Google's contentions should not overcome this Court's strong presumption in favor of public access; and (2) Google's Sealing Motion is inconsistent with similar rulings by at least one other court in this Circuit.

# ARGUMENT

**A. Google's Motion to Seal Is Inconsistent with this Court's Strong Presumption in Favor of Public Access**

The Ninth Circuit has a "strong presumption" of public access even if the documents were sealed in the District Court:

> This Court has a strong presumption in favor of public access to documents. Therefore, except as provided in (d) below, the presumption is that every document filed in or by this Court (***whether or not the document was sealed in the district court***) is in the public record unless this Court orders it to be sealed.

1

*See* Ninth Circuit Rule 27-13(a) (Sealed Documents) (emphasis added). Thus, Circuit Advisory Committee Note to Rule 27-13 states that motions to file documents under seal "are therefore discouraged." Consequently, it is not dispositive that Magistrate Judge van Keulen ordered sealing of the same information in the district court. *Calhoun, et al. v. Google LLC*, Case No. 4:20-cv-05146 (N.D. Cal.), Dkt. No. 966.[1] Google must still overcome the strong presumption in favor of access to court records in this Court, regardless of any previous sealing.

Although Google acknowledges that this Court applies one of two tests (a stringent "compelling reasons" test or a more permissive "good cause" test), it incorrectly argues for application of the "good cause" test. Sealing Motion at 2. The "compelling reasons" test should apply here, because the subject of Google's sealing motion involves the highly contested "Preservation Orders" that are the subject of the underlying Rule 12.1 Motion for Limited Remand (the "Motion for Limited Remand," Circuit Dkt. 8). The preservation of relevant class-wide evidence has a direct effect on the merits of the case, as noted by Magistrate Judge van Keulen when she directed the parties to ensure that their objections to the underlying preservation plan adequately address liability, damages, and class certification. Dkt. No. 639. Google's efforts to rescind those Preservation Orders necessarily involves these issues, and they are central and dispositive, not collateral or merely tangentially

---

[1] Docket Numbers refer to the District Court docket unless otherwise stated.

related to the case. For instance, Google's Motion for Limited Remand admits that Magistrate Judge van Keulen ordered preservation, "because Appellants argued it might be relevant to the putative class." And central to the putative class it is, because the mapping and linking tables that Google wants un-preserved on remand help Appellants show, by way of example, Google's ability to tie signed in data to signed out data, which is a critical element of Appellants' arguments that Google is surveilling class members across the web. Put differently, the issue of whether signed-in and signed-out identifiers can be linked to a specific user is, and has been throughout this case, hotly disputed by the parties and correlates strongly to the merits of the case.

Moreover, Magistrate Judge van Keulen's Order on Google's Motion for Relief Regarding Preservation (attached as Addendum A to Google's Motion for Limited Remand) further sheds light on why Google's Motion for Limited Remand to reduce its preservation obligations is not merely tangentially related to the case. That Order made clear that Google's preservation obligations were the subject of "voluminous briefing and multiple hearings that resulted in issuance of the Preservation Orders." Magistrate Judge van Keulen further described "[t]he exhaustive and exhausting history of development of the Preservation Orders for the purpose of identifying and preserving relevant evidence . . . the Preservation Orders reflect careful balancing of the burdens and benefits of preservation of relevant

3

data." Because the subject of Google's sealing motion involves the preservation of highly relevant material, which based on the above should be considered a dispositive, central, and merits-based issue, this Court should apply the more stringent "compelling reasons" test. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) ("The focus in all of our cases is on whether the motion at issue is more than tangentially related to the underlying cause of action . . . plenty of technically non-dispositive motions—including routine motions in limine—are strongly correlative to the merits of a case.").

Google argues that it can meet both the "compelling reasons" test and the "good cause" test, because disclosure of the information it seeks to seal could (1) provide competitors insight into Google's business; and (2) "bad actors" could target Google's systems based on where and how Google's data is stored. But those two overarching assertions are based on Google's speculation and say-so, neither of which should be persuasive. Indeed, the attorney declaration accompanying Google's sealing motion largely parrots the same assertions without additional support or context. *See Ctr. for Auto Safety*, 809 F.3d at 1096–97 ("Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, **without relying on hypothesis or conjecture**.'") (quoting *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir.2006)) (emphasis added). Additionally, the attorney declaration

highlights the speculative nature of Google's assertions by acknowledging that individuals or competitors "may" be able to gain insight into Google's business, "may" abuse the information, or "may" seek to use the information to target Google's systems. The lack of factual basis for such possibilities should not meet the "compelling reasons" standard, and the void is even more conspicuous based on Google's acknowledgement of "the factual nature of the inquiry" in its sealing motion.

The same deficiency should not satisfy the "good cause" test, if this Court applies that standard (it should not), because Google still has not made a sufficient showing. The categories of information that Google seeks to seal in its Motion for Limited Remand and the attendant Addendum A can be generally described as:

- the projected cost of Google's preservation obligations in this case;
- the number of mapping and linking tables used to connect data identifiers to each other;
- the amount of data storage required for Google's preservation obligations in this case; and
- two internal Google names for data sources.

But Google has also not explained what irreparable harm would come simply from revealing three numbers (two of which relate to Google's preservation obligations in this case) and a couple data source names. Google just makes the conclusory

5

statements that it "may" be harmed without explaining *why* revealing these numbers and names would matter. Plaintiffs do not wish any irreparable harm to befall Google. But at the same time, the Court should not seal largely innocuous information just on Google's say-so and conjecture regarding possible bad actors. It is difficult to accept Google's assertions at face value regarding possible harm when the information it seeks to seal is merely three numbers and two data source names.

**B.     Google's Motion to Seal is Inconsistent with Prior Rulings in *Rodriguez v. Google*, 3:20-CV-4688-RS (N.D. Cal.)**

In an unrelated privacy case against Google pending in this Circuit, Magistrate Judge Alex Tse has repeatedly denied Google's many motions to seal information nearly identical to the information Google seeks to seal here. *See, e.g., Rodriguez* Dkt. No. 108 (denying motion to seal confidential business information, because Google did not support its conclusory argument that specific prejudice or harm will result from public disclosure); *Rodriguez* Dkt. No. 184 (denying in part motion to seal Google's confidential information); *Rodriguez* Dkt. No. 185 (denying motion to seal **estimated costs for storing data**, because Google did not identify any specific prejudice or harm that would result from public disclosure of the numbers); *Rodriguez* Dkt. No. 186 (denying in part motion to seal at Dkt. Nos. 152 and 176); *Rodriguez* Dkt. No. 197 (denying motion to seal at Dkt. No. 187); *Rodriguez* Dkt. No. 223 (denying in part motion to seal at Dkt. No. 200); *Rodriguez* Dkt No. 225 (denying motion to seal at Dkt. Nos. 210 and 212).

6

Pertinent to Google's motion to seal numbers concerning the cost and amount of preservation here, Magistrate Judge Tse's order *denying* a similar motion to seal in *Rodriguez* Dkt. No. 185 made public the following numbers:

- that Google "app measurement logs record **135 billion** entries per day, on average";

- that just "56 days' worth of data totals over **27 petabytes of data per day**";

- that storing two years' worth of such data would cost "$3 million, and three years would cost $6 million"; and

- that Plaintiffs and Google would need "**156 full size server rack cabinets to hold one year's worth**" of raw data

*See Rodriguez* Dkt. No. 193 at 4 (emphasis in original). Notwithstanding Magistrate Judge van Keulen's decision to seal similar numbers in the district court here, Appellants respectfully suggest that this Court should use its discretion to reject sealing, as in Judge Tse's order.

## CONCLUSION

Because Google has not met its burden to overcome this Circuit's strong presumption in favor of public access regardless of whether the Court applies the "compelling reasons" test or "good cause" test, Plaintiffs respectfully request that this Court deny Google's Motion to Seal Google's Motion for Limited Remand.

Dated: January 30, 2023                    Respectfully Submitted,

                /s/ David A. Straite
              David A. Straite
              Corban Rhodes
              DiCELLO LEVITT LLC
              485 Lexington Ave., Tenth Floor
              New York, NY 10017

              Adam J. Levitt
              Amy E. Keller
              Adam Prom
              DiCELLO LEVITT LLC
              Ten North Dearborn Street, 6th Fl.
              Chicago, Illinois 60602

                /s/ Lesley E. Weaver
              Lesley E. Weaver
              Angelica M. Ornelas
              BLEICHMAR FONTI & AULD LLP
              555 12th Street, Suite 1600
              Oakland, CA 94607

                /s/ Jay Barnes
              Jason 'Jay' Barnes
              An Truong
              Eric Johnson
              Jenny Paulson
              SIMMONS HANLY CONROY LLC
              112 Madison Avenue, 7th Floor
              New York, NY 10016

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this filing complies with the requirements of Fed. R. App. P. 27(d) and the word count is 1,624. This filing does not exceed 20 pages. In compliance with Fed. R. App. P. 32(a), the typeface is Times New Roman, 14-point.

Dated: January 30, 2023            /s/ David A. Straite
                                                   David A. Straite

## **CERTIFICATE OF SERVICE**

I, David A. Straite, hereby certify that on January 30, 2023, I caused to be electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF system.

                                          /s/ David A. Straite
                                          David A. Straite