# No. 22-16993

In The

# United States Court of Appeals

For The Ninth Circuit

▶▶◀◀

PATRICK CALHOUN, ET AL.,

*Plaintiffs-Appellants,*

v.

GOOGLE, LLC,

*Defendant-Appellee.*

*On Appeal From The United States District Court
For The Northern District of California
Hon. Yvonne-Gonzales-Rogers
No. 4:20-cv-05146-YGR*

**DEFENDANT-APPELLEE GOOGLE, LLC'S MOTION FOR LIMITED REMAND UNDER FEDERAL RULE OF APPELLATE PROCEDURE 12.1**

Andrew H. Schapiro
QUINN EMANUEL, URQUHART & SULLIVAN, LLP
191 N .Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Stephen A. Broome
Viola Trebicka
QUINN EMANUEL, URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-30003
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant-Appellee*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................III
INTRODUCTION ....................................................................................................1
BACKGROUND .....................................................................................................2
ARGUMENT ...........................................................................................................3
CONCLUSION ........................................................................................................6
CERTIFICATE OF SERVICE ................................................................................8

# **TABLE OF AUTHORITIES**

**Page**

## **Rules and Regulations**

Fed. R. Civ. P. 62.1 ……………………………………………………… 1, 3

Fed. R. Civ. P. 60 ………………………………………………………… 5

Fed. R. App. P. 12.1 ……………………………………………………… 1, 3

## **INTRODUCTION**

Pursuant to Federal Rule of Appellate Procedure 12.1, Defendant-Appellee Google, LLC ("Google") respectfully moves for limited remand to the United States District Court for the Northern District of California (Gonzalez Rogers, J.) so that the district court may consider whether its grant of summary judgment applies to the six (out of 16) causes of action that the court set aside at the outset of the case (the "Dormant Claims") and which were not explicitly addressed in the district court's order on the ten litigated claims and its judgment closing the case. Dkt. 935 (the "Summary Judgment Order"), 937.

On February 21, 2023, the district court ruled that Google's motion regarding the status of the Dormant Claims following the Summary Judgment Order "raises a substantial issue under Rule 62.1(a)(3)." *See* Addendum ("Add.") A, (Dkt. 987) at 2; *see also* Fed. R. Civ. P. 62.1. The court further found that Plaintiffs-Appellants' ("Appellants") notice of appeal divested the district court of jurisdiction to address it. Add. 2. For the reasons discussed below, limited remand is appropriate to allow the district court to state whether its finding that Appellants consented to the at-issue data collection requires dismissal of the Dormant Claims.

Google sought Appellants' consent to this motion; Appellants indicated that they do not consent.

1

## BACKGROUND

On July 27, 2020, Appellants filed a putative class action on behalf of users of the Chrome browser alleging that Google failed to disclose certain data collection practices. Dkt. 1. Appellants asserted 16 causes of action. *Id.*

On September 18, 2020, the district court—then Judge Lucy Koh—ordered that "the instant case be litigated through trial on 10 selected claims after which *the Court and the parties can discuss what to do about the remaining 6 claims.*" Dkt. 51 (emphasis added). Pursuant to the district court's order, the parties submitted a joint statement selecting the ten claims to litigate through trial (the "Priority Claims"). Dkt. 54. Six claims were not selected (the "Dormant Claims"). In response to Google's motion to dismiss, the district court (Koh, J.) dismissed four of the Priority Claims. Dkt. 142 at 39. The parties then litigated the six remaining Priority Claims.

On December 13, 2021, Judge Koh was elevated to the Ninth Circuit, and on January 21, 2022, this case was transferred to Judge Gonzalez Rogers. Dkt. 471.

Nearly one year later, on December 12, 2022, the district court (Gonzalez Rogers, J.) granted summary judgment on Google's consent defense and entered judgment closing the case. Dkt. 935, 937. The district court's decision was based on its well supported finding that "Google adequately disclosed, and plaintiffs consented to, the collection of the at-issue data." Dkt. 935 at 27. Plaintiffs appealed the Summary Judgment Order on December 20, 2022. Dkt. 941.

The Summary Judgment Order does not explicitly reference the Dormant Claims. Rather, it states that it applies to the "[s]ix alleged claims [that] remain" in the case, referring to the six Priority Claims that survived Google's motion to dismiss. *Compare* Dkt. 935 at 1 (identifying Counts 5, 7-9, 13-14) *with* Dkt. 142 at 39 (allowing the same counts to survive dismissal). Although the court's order did not specifically address the Dormant Claims, the court entered judgment and closed the case. Dkt. 937.

Google raised the status of the Dormant Claims with the district court by filing a motion for indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a). Google's motion sought confirmation that the district court's finding that Appellants consented to the challenged data collection requires dismissal of the Dormant Claims as well. Dkt. 962. On February 21, 2023, the district court determined that Google's "motion raises a substantial issue under Rule 62.1(a)(3)," but it lacked jurisdiction to amend the Summary Judgment Order because of this appeal. Add. 1-2.

## ARGUMENT

Federal Rule of Appellate Procedure 12.1 provides that, where "a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending" and "the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings . . . ." Fed. R. App. P. 12.1. All

3

considerations strongly counsel that the Court exercise its discretion to remand the appeal for the limited purpose of resolving Google's motion.

*First*, the district court ruled that Google's request raises a substantial issue worthy of consideration on remand from this Court. This is because the Summary Judgment Order does not address the Dormant Claims explicitly. To the contrary, it states that only "[s]ix alleged claims remain" in the case—none of which are the Dormant Claims. Dkt. 935 at 1. Consent is a defense to each of the Dormant Claims, and Google's position is that the district court's determination on consent defeats *all* claims, including the Dormant Claims. Dkt. 962 at 4-7 (compiling authority). The district court should have the opportunity to expressly so rule in the first instance.

Appellants opposed relief below on the grounds that there was "no fundamental dispute [because] the parties agree that the Court dismissed [Appellants'] complaint in its entirety and closed the case." Dkt. 977 at 1. But Appellants miss the point: that the case has been closed and summary judgment granted without reference to six claims in Appellants' complaint is precisely *why* further input from the district court is needed. Now, the district court itself has agreed the ambiguity raises a "substantial issue." Add. 2. Appellants' continued opposition needlessly leaves in place uncertainty for this Court, and it appears

intended to prevent the district court from explicitly applying its existing finding to the Dormant Claims.[1]

***Second***, limited remand poses no prejudice to Appellants, nor would it cause unnecessary delay in the appeal; to the contrary, it promotes efficiency. Appellants do not challenge that "all claims" were encompassed in the Summary Judgment Order, *see* Dkt. 977 at 5, yet refuse to respond to Google's concern that they will seek remand of the Dormant Claims on the basis that those claims were not specifically addressed in the Summary Judgment Order. A limited remand to resolve this unusual issue now—prior to any party's filing a substantive brief—will ensure that this Court (i) considers a single appeal capable of fully resolving all claims and (ii) has the benefit of the district court's analysis on all pending claims, not merely a subset. Indeed, it would be a meaningless waste of judicial and party resources to litigate the potential procedural ambiguity in the first instance on appeal—or worse, to remand following this appeal only to generate a second

---

[1] Google's motion below was styled under Federal Rule of Civil Procedure 60(a) for correcting oversights or omissions in a judgment. The district court held that Google's "request does not fall within the purview of Rule 60(a) and, in any event, would require leave of the appellate court" because Google sought "additional legal analysis." Add. 2. The particular rule or authority under which the relief will be granted is of little importance; the district court should be allowed to address the "substantial issue" in a manner it deems appropriate on limited remand.

appeal—when the district court can easily resolve the ambiguity by way of a limited remand.

## CONCLUSION

Google respectfully requests that this Court issue a limited remand in accordance with the district court's indicative ruling for the purpose of resolving the status of claims not explicitly referenced in the Summary Judgment Order. During the period of the requested remand, this Court would retain jurisdiction over the merits of the appeal.

Dated: March 3, 2023

Respectfully submitted,

/s/ *Andrew H Schapiro*
Andrew H. Schapiro
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606

Stephen A. Broome
Viola Trebicka
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the requirements of FRAP 27(d) and Circuit Rule 27-1, and does not exceed 20 pages. The type size is 14-point and the typeface is Times New Roman, in compliance with FRAP 32(a)(5) and (6), respectively.

Dated: March 3, 2023 /s/ *Andrew H. Schapiro*

Andrew H. Schapiro

## CERTIFICATE OF SERVICE

I, Andrew H. Schapiro, hereby certify that on March 3, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system, which will send notification of such filing to all counsel of record registered in the CM/ECF system.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro

# ADDENDUM A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK CALHOUN, ET AL.** <br> Plaintiffs, <br> v. <br> **GOOGLE, LLC**, <br> Defendant. | CASE NO. 20-cv-5146-YGR <br><br> **ORDER RE MOTION FOR INDICATIVE RULING REGARDING SCOPE OF SUMMARY JUDGMENT ORDER** <br><br> Re Dkt. No. 962 |

Pending before this Court is defendant's Motion for Indicative Ruling Regarding Scope of Summary Judgment Order specifically brought under Federal Rules of Civil Procedure 60(a) and 62.1. (Dkt. No. 962.) The matter is fully briefed and raises a narrow issue.

To expedite resolution of this motion, the Court assumes the parties' familiarity with the procedural history of the action, the scope of the parties' briefing on the underlying motion for summary judgment, and the Court's order thereon. (Dkt. No. 935.) Importantly, plaintiffs appealed the decision and the judgment issued. (Dkt. Nos. 937, 941.) Having considered the briefing, and for good cause appearing, the Court finds as follows:[1]

First, the requested relief under Rule 60(a) is not appropriate. Rule 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Defendant's motion does not seek to "correct a clerical mistake or a mistake arising from oversight or omission." Rather, defendant asks the Court to supplement the content of the summary

---

[1] The Court has reviewed the papers submitted by the parties in connection with this motion and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. Accordingly, the hearing set for February 28, 2023, is **VACATED**.

judgment order with, effectively, two pages of additional legal analysis. (Dkt. No 962-2.) Such a request does not fall within the purview of Rule 60(a) and, in any event, would require leave of the appellate court.

Second, with respect to Rule 62.1, the Court does find that defendant's motion raises a substantial issue under Rule 62.1(a)(3).

This terminates Dkt. No. 962.

**IT IS SO ORDERED.**

Dated: February 21, 2023

                                          **YVONNE GONZALEZ ROGERS**
                                          **UNITED STATES DISTRICT COURT JUDGE**