# No. 22-16993

In The

# United States Court of Appeals

For The Ninth Circuit

▶▶◀◀

PATRICK CALHOUN, ET AL.,

*Plaintiffs-Appellants,*

v.

GOOGLE, LLC,

*Defendant-Appellee.*

*On Appeal From The United States District Court
For The Northern District of California
Hon. Yvonne-Gonzales-Rogers
No. 4:20-cv-05146-YGR*

**DEFENDANT-APPELLEE GOOGLE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO SEAL PLAINTIFFS-APPELLANTS' OPENING BRIEF AND APPENDICES**

Andrew H. Schapiro
QUINN EMANUEL, URQUHART &
SULLIVAN, LLP
191 N .Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Stephen A. Broome
Viola Trebicka
QUINN EMANUEL, URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-30003
stephenbroome@quinnemanuel.com
violatrebicka@quinnemanuel.com

*Attorneys for Defendant-Appellee*

i

# **TABLE OF CONTENTS**

                                                                                                      **Page**

INTRODUCTION ...................................................................................................1

ARGUMENT ..........................................................................................................3

       A.     Google's Confidential and Proprietary Material Should Remain Sealed ................................................................................................3

       B.     Google Does Not Seek To Seal Public Information ............................5

       C.     There Are Compelling Reasons To Seal Google's Confidential And Commercially Sensitive Information ...............................................6

       D.     Sealing Google's Confidential Material Does Not Conflict With the Public's Interest in Access to Proceedings........................................9

CERTIFICATE OF SERVICE ................................................................................2

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
　809 F.3d 1092 (9th Cir. 2016) ...................................................................7, 8

*In re Elec. Arts, Inc.*,
　298 F. App'x 568 (9th Cir. 2008) ..................................................................7

*In re Google Inc. Gmail Litig.*,
　No. 13–md–02430, 2013 WL 5366963 (N.D. Cal. Sept. 25, 2013) ...............8

*Kamakana v. City & Cnty. of Honolulu*,
　447 F.3d 1172 (9th Cir. 2006) .......................................................................6

*Nixon v. Warner Commc'ns, Inc.*,
　435 U.S. 589 (1978) ......................................................................................7

*Opperman v. Path, Inc.*,
　No. 13-cv-0453, 2017 WL 1036652 (N.D. Cal. Mar. 17, 2017) ...................8

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
　825 F.3d 299 (6th Cir. 2016) .......................................................................10

## **INTRODUCTION**

Plaintiffs do not oppose Google's motion to seal 18 of the 26 documents Google has moved to protect in full or in part, and the Court should seal those materials for the reasons in Google's motion. Plaintiffs have opposed Google's request to seal portions of the other eight documents at issue. In an effort to ensure public access to information that would not present an unacceptable risk of serious competitive harm, Google has carefully re-reviewed each of the documents in question, and has narrowed its sealing request with respect to 3 of the contested documents as set forth below. For the remaining 5 documents, Google respectfully renews in full its requests that this Court maintain Google's confidential and proprietary information under seal.

Plaintiffs' opposition provides no basis to unseal any material Google seeks to protect—nearly all of which was ordered sealed by the District Court under the same standard that applies here. First, Google does not intend to seal publicly available information. In the two instances in which Google unintentionally included public information in its sealing request, it now modifies its request to seal only nonpublic information. Other information Plaintiffs claim is "public" is in fact confidential and proprietary.

Second, the limited information Google seeks to maintain under seal is precisely the type of commercially sensitive material for which sealing is appropriate.

1

Indeed, the District Court has consistently sealed similar material, and in nearly all cases has sealed *precisely the same documents* at issue in this motion. In arguing that Google's confidential information should not be protected, Plaintiffs both incorrectly suggest that only "trade secrets" are protectable and present a narrow definition of trade secrets inconsistent with this Court's authority.

Third, the limited materials Google seeks to seal will not prevent the public from understanding Plaintiffs' arguments or the issues in this case. Google has sought to seal just a few words and phrases in Plaintiffs' opening brief—with essentially no effect on its readability or the clarity of its arguments. In many cases, Plaintiffs do not cite the contested material at all, underscoring that it is not central to their appeal. Plaintiffs' claims that Google's confidential material should nonetheless be unsealed amount to a suggestion that any evidence they deem harmful to Google must be made public. That is a far cry from the applicable standard, and this Court should not expose Google to serious risks of competitive harm on Plaintiffs' self-interested say-so. Nor should the Court credit Plaintiffs' argument that Google faces a higher burden because this is a "putative class action." The District Court denied as moot the individual Plaintiffs' motion to certify a class, and class certification is not an issue on this appeal. The Court should grant Google's motion to seal.

# ARGUMENT

Contrary to Plaintiffs' argument, there are compelling reasons to seal the limited portions of the Opening Brief and Appendices at issue, each of which contains highly sensitive, non-public, confidential, and proprietary information. Where Google inadvertently included public information in its sealing request, Google has narrowed its request accordingly. The remaining material presents a serious risk of competitive harm to Google if exposed and should remain under seal.

### A. Google's Confidential and Proprietary Material Should Remain Sealed

Google responds to Plaintiffs' opposition to sealing the eight documents at issue as follows:

- **Opening Brief of Plaintiffs-Appellants:** Google seeks to seal very limited portions of text on just 9 (of 57) pages of Plaintiffs' Opening Brief. None of the proposed redactions prevents the public from understanding the nature or substance of Plaintiffs' arguments, or materially hinders the readability of the brief. In most cases, they redact only a single word— generally the name of an internal project that is not necessary to understand the issues in the case.

  Google narrows its sealing request to exclude the number "52%" on page 11, but maintains that there are compelling reasons to seal the remaining redacted material.[1] The proprietary names and functionalities of Google's internal systems are highly confidential, and their disclosure would expose Google to competitive harm and cybersecurity risks. Maintaining these materials under seal protects Google's confidential information without harming the public interest, as further described further below.

---

[1] Google has filed concurrently with this reply a revised highlighted version of each document for which it has narrowed its sealing request.

3

- **Plaintiffs' Supplemental Outline of Testimony and Opinions for Professor Zubair Shafiq (ER-492–535):** Plaintiffs have opposed Google's request to seal this document only with respect to paragraph 52. Google narrows its sealing request to exclude paragraph 52(h)–(j), but maintains its request to seal the remainder of paragraph 52, which contains confidential and competitively sensitive information about Google's internal projects and systems.

  Critically, there is no public interest in accessing paragraph 52 of this document because *it was not part of the record below.* As Plaintiffs acknowledge, this document was filed only in redacted form as "the result of the district court's order prohibiting plaintiffs from submitting any portion of the expert report that was not discussed in the time-limited evidentiary hearing." Opp. 6 n.5. Paragraph 52 was not discussed at the hearing; thus, it was never filed and is not part of the motion record. *See* Dkt. 918-3 at 22–26.

- **Exhibits 77 and 78 to Plaintiffs' Sur-Reply in Further Opposition to Google's Motion for Summary Judgment (ER-544–622):** Google maintains its request to seal in their entirety these internal Google documents. Plaintiffs' only putative basis for unsealing these confidential materials is that they purportedly "contain damaging admissions related to an internal privacy review," but that is not a sufficient basis to expose Google's competitively sensitive information—particularly where *Plaintiffs do not even cite these documents* among the more than 150 record citations in their opening brief.[2]

- **Exhibit 76 to Plaintiffs' Sur-Reply in Further Opposition to Google's Motion for Summary Judgment (ER-623–633):** Google narrows its sealing request to encompass only the materials that were filed under seal in the District Court. Plaintiffs' basis to unseal this document is that portions have already been made public. Google agrees that public portions need not be filed under seal, and revises its request accordingly.

---

[2] Google has not sought to seal any of the quoted material in Plaintiffs opening brief that accomplishes the same purpose for which they claim these documents are important: to convey purported "admissions related to an internal privacy review." *See, e.g.*, Pls.' Br. at 18–19.

- **Exhibit 58 to Barnes Declaration in Support of Plaintiffs' Opposition to Google's Motion for Summary Judgment (ER-941–943):** Google maintains its request to seal in its entirety this internal Google document, which the District Court has already ordered sealed. Dkt. 936 at 56. Like Exhibits 77 and 78, Plaintiffs' only basis for unsealing this confidential material is that it contains purported "admissions" from Google employees about how Chrome functions. But, again like Exhibits 77 and 78, Plaintiffs do not rely on this document in their opening brief—and Google has not sought to seal the portions of their brief that *do* argue about what "senior Chrome employees knew." Opp. 19; *see* Pls.' Br. at 15, 38.

- **Exhibit 44 to Barnes Declaration in Support of Plaintiffs' Opposition to Google's Motion for Summary Judgment (ER-987–1060):** Google maintains its request to seal in its entirety this internal Google document, which the District Court has already ordered sealed. Dkt. 936 at 56. Plaintiffs admit that this document "differs from what is available publicly and these differences are kept confidential from competitors and from the public." Opp. 20. That is precisely why this confidential and competitively sensitive document must remain sealed, as it did in the proceedings below.

- **Exhibit 25 to Barnes Declaration in Support of Plaintiffs' Opposition to Google's Motion for Summary Judgment (ER-1258–1286):** Google maintains its request to seal limited portions of this document, including the highly confidential material Plaintiffs seek to unseal in paragraphs 97 and 109. These paragraphs contain descriptions of Google's proprietary and commercially sensitive systems. And despite Plaintiffs' (erroneous) argument that the material in these paragraphs purportedly "undermine Google's argument that it obtained 'informed consent,'" Plaintiffs do not cite this exhibit anywhere in their opening brief.[3]

B.     **Google Does Not Seek To Seal Public Information**

Google intends to seal only nonpublic information, and has narrowed its sealing motion to exclude certain public material it inadvertently sought to seal in

---

[3] Indeed, paragraph 79 concerns Plaintiffs' proposed methods of identifying putative class members, but the District Court denied their motion for class certification, and class member identification is not an issue on this appeal.

5

Plaintiffs' opening brief and Exhibit 76. Plaintiffs' arguments concerning those materials, *see* Opp. 9–10, are therefore moot.

Google maintains its request to seal Exhibit 44. Contrary to Plaintiffs' representations (at Opp. 10), none of the material in this exhibit is "already public." The fact that a particular data category is listed in a public reference document does not mean its existence in *another* document (listing the categories of data in a specific database and giving additional, nonpublic information about those categories) is not proprietary. Indeed, Plaintiffs acknowledge that the contents of Exhibit 44—which the District Court has already ordered sealed—"differs from what is available publicly and these differences are kept confidential from competitors and from the public." Opp. 20. Google should be permitted to maintain these confidential materials under seal.

### C. There Are Compelling Reasons To Seal Google's Confidential And Commercially Sensitive Information

Plaintiffs' second argument, which assumes that records may not be sealed unless they are "trade secrets," misstates the standard. Under Ninth Circuit law, there are "compelling reasons" to seal records whenever "court files might . . . become a vehicle for improper purposes," including *but not limited to* release of trade secrets. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). And while "trade secret" is defined broadly to include "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an

6

opportunity to obtain an advantage over competitors who do not know or use it," *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008), even material that falls outside this expansive definition may be sealed where it is a "source[] of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

The limited material Google seeks to seal plainly meets this standard—either as a trade secret or as business information whose exposure may harm Google's competitive standing. Information like the non-public names and descriptions of Google's internal projects, systems, and data sources would make it easier for Google's competitors to piece together previously unconnected information about Google's systems, and for malicious actors to target Google's internal systems and data storage infrastructure (*e.g.*, by helping them identify by name the systems and functions they seek to compromise). *See* Mot. 10–11; Schapiro Decl. ¶¶ 6–8, 12, 14.

Exposure of the limited information Google seeks to seal would also permit Google's competitors to take internal statements and discussions out of context (just as Plaintiffs have) in order to undermine customers' trust in Google's products or services—giving themselves a competitive advantage and harming Google's status in the marketplace. *See* Mot. 10–11; Schapiro Decl. ¶ 13. Plaintiffs' implication that Google argues its material should remain sealed solely because it is "not typically

7

disclosed to competitors," Opp. 14, thus attacks a strawman; it is evident that each of the dangers Google has articulated would not merely expose nonpublic information, but severely "harm [Google's] competitive standing" in the process.[4] *Chrysler*, 809 F.3d at 1097.

In any event, the fact-intensive nature of the sealing inquiry means that "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Chrysler*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599). And the District Court has consistently ordered sealed the precise types of information— often the *exact* information, in connection with the *same* summary judgment proceedings from which Plaintiffs now appeal—that Google seeks to redact here. *See* Mot. 4–9. This Court, too, has ordered sealed Google's proprietary information, including its internal names for data sources.[5] *See* Appeal Dkt. 30.

---

[4] This risk need only be *possible*, not certain, to merit sealing. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No. 13–md–02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons to seal information that "*could* lead to a breach in the security of the Gmail system" (emphasis added)); *Opperman v. Path, Inc.*, No. 13-cv-0453, 2017 WL 1036652, at *3 (N.D. Cal. Mar. 17, 2017) (finding compelling reasons to seal information that "*could* make it easier to compromise the security of Apple's products" (emphasis added)).

[5] In opposing Google's motion to seal, Plaintiffs now argue that this Court's prior sealing order in this case "involved a tangential issue . . . with a lower 'good cause' standard for sealing." But in their unsuccessful opposition to Google's motion to seal that material, Plaintiffs actually argued that "[t]he 'compelling reasons' test should apply," Appeal Dkt. 15 at 2, and Google supported its sealing motion under that more stringent standard, *see* Appeal Dkt. 22 at 2, 4.

### D. Sealing Google's Confidential Material Does Not Conflict With the Public's Interest in Access to Proceedings

Google's limited requests to seal its competitively sensitive information do not undermine the public's ability to "evaluate judicial decision-making and come to an independent assessment of how the judicial process function[s]." Opp. 17. Granting Google's requests would still make public nearly all of Plaintiffs' opening brief and well over 1,000 pages of Plaintiffs' appendices—more than enough to ensure public access to the core issues and arguments in this appeal. In many cases Plaintiffs *do not even cite* the contested materials in their opening brief; and in one instance, the material *was not part of the record below*. *See supra* Section A. Plainly, such information is not critical to the public's ability to evaluate the case.

Plaintiffs' contrary arguments are without merit. They quibble (at Opp. 18–19) with Google's request to seal names and descriptions of its proprietary internal systems—which, as Google has explained, would both provide competitors with insight into Google's internal processes and make it easier for nefarious actors to target Google with cyberattacks—but offer no reason those names should be public.[6]

---

[6] For instance, Google has not sought to seal Plaintiffs' (deeply misleading) allegations that "Google . . . uses a number of tools to connect th[e] information [at issue] with specific users" by "send[ing] not-synced data to . . . a secret internal system," "re-direct[ing] the information that Chrome sends about not-synced users in a backend database," and "us[ing] a system . . . to obtain 'a single view of a user on the same device and across different devices.'" Pls.' Br. 9. Plaintiffs' argument that the names and technical descriptions of those systems and databases must also be made public is simply not credible.

Plaintiffs also insist (at Opp. 19 –20) that some of the material Google seeks to seal contain "admissions" harmful to Google's case. But Plaintiffs can point to no authority entitling them to publish Google's proprietary and competitively sensitive information simply because they believe it is unfavorable to Google. Moreover, Google has consented to making public Plaintiffs' extensive quotation of similar putative "admissions" in their opening brief. *See supra* Section A. To the extent the sealed materials further support Plaintiffs' case (they do not), of course the Court may still consider those materials in rendering its decision.

Finally, this Court should not impose a higher burden on Google based on Plaintiffs' representation that "this is a class action." See Opp. 8. The individual Plaintiffs do not represent any class; to the contrary, their motion for class certification has been denied, Dkt. 1019 at 27, and the certification issue is not before this Court on appeal. Thus, Plaintiffs' (out-of-circuit) authority, *see* Opp. 18, is inapplicable. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (reviewing fairness of settlement with a certified class).

## **CONCLUSION**

For the reasons set forth herein, in Google's Motion to Seal, and in the Schapiro Declaration, Google respectfully requests that this Court seal the limited portions of the Opening Brief and Appendices indicated by Google's proposed redactions in the highlighted documents filed with its Motion and this Reply.

Dated: November 2, 2023　　　　Respectfully submitted,

　　　　　　　　　　　　　　　/s/ Andrew H. Schapiro
　　　　　　　　　　　　　　　Andrew H. Schapiro
　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　& SULLIVAN, LLP
　　　　　　　　　　　　　　　191 N. Wacker Drive, Suite 2700
　　　　　　　　　　　　　　　Chicago, IL 60606

　　　　　　　　　　　　　　　Stephen A. Broome
　　　　　　　　　　　　　　　Viola Trebicka
　　　　　　　　　　　　　　　QUINN EMANUEL URQUHART
　　　　　　　　　　　　　　　& SULLIVAN, LLP
　　　　　　　　　　　　　　　865 S. Figueroa Street, 10th Floor
　　　　　　　　　　　　　　　Los Angeles, California 90017

## CERTIFICATE OF COMPLIANCE

I hereby certify that this filing complies with the requirements of FRAP 27(d) and Circuit Rule 27-1, and does not exceed 10 pages. The type size is 14-point and the typeface is Times New Roman, in compliance with FRAP 32(a)(5) and (6), respectively.

Dated: November 2, 2023                      /s/ *Andrew H. Schapiro*

                                                              Andrew H. Schapiro

2

## CERTIFICATE OF SERVICE

I, Andrew H. Schapiro, hereby certify that on November 2, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

/s/ Andrew H. Schapiro